UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| TAMARA S. SPETH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 4:05-cv-0125-JDT-WGH |
| ) | |
| JO ANNE B. BARNHART ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON BRIEFING SCHEDULE**

This cause comes before the court on the court's own motion. This action is one seeking judicial review of the denial by the Defendant of Plaintiff's claim for Social Security benefits. The action was initiated by the filing by Plaintiff of her complaint on August 19, 2005. The Defendant filed her answer on October 24, 2005, along with the record of the administrative proceedings.

It is therefore ordered that Plaintiff submit her brief in support of his complaint within sixty (60) days of the date of this Entry. It is further ordered that Defendant submit her brief in support of her determination to deny benefits within thirty (30) days of the receipt by defense counsel of Plaintiff's brief. Plaintiff shall have fifteen (15) days from the date of filing of Defendant's brief to file a brief in reply. Failure to file a brief ordered by this Entry shall allow this cause to be submitted for summary disposition at the close of the briefing period.

The statutory provisions, along with their accompanying regulations (primarily 20 C.F.R. § 404.1520 (1995)) have led to the establishment of a five-step test to determine whether a claimant is disabled:

(1)  Is the claimant presently unable to perform any substantial gainful activity?

(2)  Is the claimant's impairment "severe" or does the claimant's combination of impairments prevent substantial gainful activity?

(3)  Does the impairment or combination of impairments meet or exceed one of a list of specific impairments?

(4)  Is the claimant unable to perform his or her former occupation?

(5)  Is the claimant unable to perform any other work within the economy in light of age, education and prior work experience?

An affirmative answer leads either to the next step or, on steps 3 and 5, to a finding that the claimant is disabled. A negative answer at any point, other than step 3, stops inquiry and leads to a determination that the claimant is not disabled.

*Pope v. Shalala,* 998 F.2d 473, 477 (7th Cir. 1993); *Wolfe v. Shalala*, 997 F.2d 321, 323 (7th Cir. 1993); *see also* 20 C.F.R. § 404.1520.

The Plaintiff's brief shall articulate in detail which particular step(s) of the five-step analysis is/are at issue in the appeal and the alleged error at each step. To the extent that the claimant contends that the evidence presented to the Administrative Law Judge does not support or contradicts the findings or conclusions reached, the brief should contain specific references to the administrative record relied upon to raise such contentions. Furthermore, Plaintiff's brief shall provide legal argument with proper citation to United States Supreme Court and Seventh Circuit case law (or persuasive cases from other federal Circuits) . The Defendant's brief, and the reply, if any, shall also conform with this format.

ALL OF WHICH IS ORDERED this 2nd day of December 2005.

_____
John Daniel Tinder, Judge
United States District Court

**Copies to:**

Douglas M. Lamb
Lamb & Lamb
doug@lambandlamb.com

Thomas E. Kieper
United States Attorney's Office
tom.kieper@usdoj.gov